IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SR CONSTRUCTION, INC.,                §
                                      §
        Appellant,                    §          Civil Action No. 3:21-CV-2734-N
                                      §
v.                                    §
                                      §                 Appeal from
RE PALM SPRINGS II LLC                §          *In re Palm Springs II, LLC*
and HALL PALM SPRINGS, LLC,           §          Bankr. No. 20-31972-sgj11
                                      §
        Appellee.                     §

## MEMORANDUM OPINION AND ORDER

This Order addresses SR Construction, Inc.'s ("SRC") appeal from the Bankruptcy

Court's October 1, 2021 Turnover Order.  Bankr. Case No. 20-31972-sgj11 [393].  For the

reasons explained below, the Court affirms.

### I. ORIGINS OF THE APPEAL

This appeal arises from a failed hotel construction project and the resulting

bankruptcy.  Nonparty Palm Springs, LLC was the property's original developer.  Mid-

project, the developer terminated its general contractor, Appellant SRC, and defaulted on

its loan obligations to Appellee Hall Palm Springs, LLC ("HPS"), which financed the

project.  HPS created Debtor-Appellee RE Palm Springs II, LLC ("RPS"), and the

developer conveyed the property to RPS as one condition of release from its loan

obligations.

COVID-19 created further issues for the project, and HPS and RPS prepared to file

for bankruptcy by securing bankruptcy advisors and transferring the property to them for

MEMORANDUM OPINION AND ORDER – PAGE 1

objective supervision.  HPS provided debtor-in-possession financing for the bankruptcy, and the Bankruptcy Court approved the parties' plan for auctioning the property.  But the auction efforts were unsuccessful, and the court ultimately granted HPS leave to submit a credit bid for the property pursuant to 11 U.S.C. § 363(k).  The Bankruptcy Court later approved the sale of substantially all of RPS's assets to HPS, free and clear.  Sale Order, Bankr. Case. No. 20-31972-sgj11 [262].  The Fifth Circuit recently affirmed that sale in a separate appeal. *SR Construction, Inc. v. Hall Palm Springs, L.L.C. (In re RE Palm Springs II, L.L.C.)*, --- F.4th ---, 2023 WL 2966520 (5th Cir. 2023).

SRC and its subcontractor, Encore Steel, remained in possession of certain fixtures, furniture, and equipment ("FF&E") associated with the project.  SRC, which previously held a mechanic's lien on the property, disputed the sale and refused to give its stored FF&E to HPS.  HPS and RPS jointly asked the Bankruptcy Court to enforce the Sale Order by ordering SRC to turn over the FF&E, and the court granted relief.  The Bankruptcy Court concluded that title to the SRC-stored FF&E[1] had passed to RPS, the FF&E was part of the bankruptcy estate, and it must be turned over to HPS pursuant to the Sale Order.

SRC now challenges the Bankruptcy Court's jurisdiction to issue the Turnover Order as well as several of its conclusions relating to whether title to the FF&E validly passed to RPS or HPS: its evaluation of the evidence presented on the original developer's title, including its interpretation of certain waivers; its determination that title passed to RPS and that the FF&E was property of the bankruptcy estate despite certain limitations

---

[1] *See* Am. Turnover Order 5 n.11 (explaining the inventory constituting SRC-stored FF&E).

MEMORANDUM OPINION AND ORDER – PAGE 2

on property interests under California law; and its failure to give effect to an "as is" provision in the sale order.

## II. JURISDICTION AND STANDARD OF REVIEW

District courts have jurisdiction to hear bankruptcy appeals as provided by 28 U.S.C. § 158.  The standard of review turns on whether the appeal involves a "core proceeding," which is "one that 'invokes a substantive right provided by Title 11 [the Bankruptcy Code] or [ ] is a proceeding that by its nature could arise only in the context of a bankruptcy case.'"  *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103–04 (5th Cir. 1992) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)); *see also* 28 U.S.C. § 157(b)(2).  "When reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court and applies the standard of review generally applied in federal court appeals."  *In re Webb*, 954 F.2d at 1103–04; *but see Stern v. Marshall*, 564 U.S. 462, 503 (2011) (holding that even in core proceedings, bankruptcy courts lack constitutional authority to enter final judgments on certain state law counterclaims).  Thus, district courts review the conclusions of law *de novo* and findings of fact for clear error.  *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999).  "Mixed questions of law and fact are reviewed *de novo*."  *Id.*  A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made."  *See Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir. 2003) (citation omitted).  In conducting this review, the court must give due regard to the opportunity of the bankruptcy judge to determine the credibility of

MEMORANDUM OPINION AND ORDER – PAGE 3

the witnesses.  *See id.* (citation omitted); *see also Young v. Nat'l Union Fire Ins. Co.* (*In re Young*), 995 F.2d 547, 548 (5th Cir. 1993) (quoting FED. R. BANKR. P. 8013).

In contrast, bankruptcy courts' adjudications of noncore proceedings are not final, so conclusions of law and findings of fact are both subject to *de novo* review.  28 U.S.C. § 157(c)(1); *see also Peck v. Asset Mgmt. Assocs.*, 2018 WL 3455511 at *4 (N.D. Tex. 2018).  Issues of subject matter jurisdiction are also reviewed *de novo* on appeal.  *In re Enron Corp. Secs.*, 535 F.3d 325, 333 (5th Cir. 2008).

SRC's first issue on appeal is the Bankruptcy Court's jurisdiction to issue the Turnover Order.  "Other courts — including the Supreme Court — have . . . held that a bankruptcy court maintains jurisdiction to interpret and enforce its own prior orders," including sale orders.  *In re Chiron Equities, LLC*, 552 B.R. 674, 684 (S.D. Tex. 2016) (citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009)).  Thus, the Bankruptcy Court had jurisdiction to issue the disputed relief.  And because "a court's enforcement of its prior order is a 'core' matter," *id.* (citing *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 266–67 (3d Cir. 1991)), the Court will review the conclusions of law below *de novo* and the findings of fact for clear error.

### III.  THE COURT AFFIRMS

#### *A.  The FF&E Was Property of the Estate*

SRC's next four questions on appeal go to whether the Bankruptcy Court erred in determining that the FF&E was property of the estate.  In the proceedings below, the Bankruptcy Court had to consider the chain of title to the SRC-stored FF&E.  *See* 11 U.S.C. § 541(a)(1) (Property of the bankruptcy estate includes "all legal or equitable interests of

MEMORANDUM OPINION AND ORDER – PAGE 4

the debtor in property as of the commencement of the case."). The court evaluated witness testimony, payment applications by SRC to the original developer, and SRC's contract with the developer, then determined that clear and convincing evidence existed that title had passed to the developer — and ultimately to RPS. The court's determination of the developer's ownership was a finding of fact subject to clear error review.

SRC has not shown clear error by the Bankruptcy Court in determining that title to the FF&E passed to the prior owner. SRC's primary argument is that it disagrees with the Bankruptcy Court's interpretation of the contract. But the Bankruptcy Court also considered other evidence, and SRC's only challenge to the witness testimony is that RPS and HPS did not present testimony from the original developer. "[T]he Bankruptcy Court was entitled to resolve conflicting evidence and weigh credibility," and "[i]t is not this Court's prerogative to second guess absent something more." *In re Mulligan Mint*, 516 B.R. 407, 413 n.5 (N.D. Tex. 2014). The Court affirms the Bankruptcy Court's conclusion that title to the SRC-stored FF&E passed to the original developer.

SRC also argues that the original developer did not validly convey the FF&E to RPS because California law typically requires delivery of goods or payment in full to transfer title. But general statutory provisions do not override the parties' bargain. CAL. COM. CODE § 2401(1) ("Subject to these provisions and to the provisions of the division on secured transactions . . . title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties."). This Court concurs with the Bankruptcy Court that the Bill of Sale did not impose either condition on its conveyance of:

MEMORANDUM OPINION AND ORDER – PAGE 5

all . . . furniture, furnishings, equipment, machinery, goods . . . and . . . all
other personal property of any kind or character . . . used in or necessary to
the complete and proper planning, design, development, construction,
financing, use, occupancy, maintenance or operation thereof, or acquired
(whether delivered to the Land or stored elsewhere) for use in or on the Land
or the Improvements,

including "various construction materials (such as doors, tile, carpet, etc.) that are either

stored on the Property or in a warehouse for the benefit of the Property." Am. Turnover

Order 3–4. The Court affirms the Bankruptcy Court's conclusion that title to the SRC-

stored FF&E passed to RPS, and prior to the commencement of the bankruptcy, making it

property of the estate.

### B. The Sale Order's "As-Is" Provision Did Not Exclude the FF&E

SRC's final question on appeal is whether the Bankruptcy Court erred because HPS

took the property "as is." The Bankruptcy Court rejected SRC's position, and this Court

reviews its interpretation of the Sale Order *de novo*.

The Court agrees with Appellees that HPS did not waive its rights to the FF&E

under the Sale Order and related Purchase Agreement. The Sale Order provided that

"except as otherwise provided in the Motion, the Purchased Assets shall be sold,

transferred, and delivered to Buyer on an 'as is, where is' or 'with all faults' basis." ¶ 16.

And the attached Purchase Agreement specified that the Property encompassed "[a]ll now

existing or hereafter acquired furniture, furnishings, equipment, machinery, appliances,

and other tangible personal property of Seller, whether located at the Real Property or

elsewhere (the 'Tangible Personal Property')." Sale Order, Ex. A, Agreement of Purchase

& Sale § 2.1.1(ii). The Sale Order and Purchase Agreement contemplated that the

MEMORANDUM OPINION AND ORDER – PAGE 6

transaction included assets located separately, and the Court affirms that HPS did not take the unfinished hotel alone "as is."

### CONCLUSION

The Court affirms the Bankruptcy Court's jurisdiction to issue the Turnover Order as well as its conclusions as to the SRC-stored FF&E.

Signed May 5, 2023.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7